Dora Green et al., Landlords, Respondents, *v.* Frank M. Atkins, Tenant, Appellant; Louis Kushner et al., Subtenants, Appellants, and Harry Salvan, as Receiver of Frank M. Atkins, Alleged Occupant, Appellant.

Supreme Court, Appellate Term, First Department, April 29, 1948.

*Leon Finley* and *David S. Meyer* for respondents.

*Irving L. Rollins* for Louis Kushner, appellant, and of counsel for other named appellants.

*Louis Levin* for Frank M. Atkins, appellant.

*Samuel H. Goldman* for Samuel S. Messinger, appellant.

*Harry Salvan*, appellant in person.

*Per Curiam.* The petition alleges (par. 5) that in and by the terms of the lease the tenant agreed that in the event of the appointment of a receiver of the tenant's property, he shall forthwith quit and surrender the premises, and (par. 9) that the tenant has violated a substantial obligation of his lease other than an obligation to pay rent and has continued or failed to cure such violation after written notice by the landlord that the violation cease.

Section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.) provides that so long as the tenant pays his rent he shall not be removed from any business space, notwithstanding that he has no lease or that his lease has expired or otherwise terminated, regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into, which is inconsistent with any of the provisions of the act, unless (subd. [b], par. [1]) he has violated a substantial obligation of his lease, rental agreement or tenancy, other than an obligation to pay rent, and has continued or failed to cure such violation after written notice by the landlord that the violation cease.

It follows that the mere termination of the tenancy by conditional limitation or otherwise is unavailing in this proceeding unless the landlords establish the breach of a substantial obligation of the tenancy, and the breach expressly pleaded by the landlords here being the tenant's refusal to remove at the expiration or termination of the term, no case for dispossession was made out, waiver by the tenant of the provisions of the statute being void as against public policy.

The mere appointment of a receiver under judgment obtained against the tenant in an action brought by a third party upon facts having no relation to the tenant's obligations to the landlords does not constitute a breach by the tenant of a substantial obligation of the lease within the meaning of the statute.

It appears on this appeal that said judgment has been reversed and the complaint dismissed by the Appellate Division.

The final order should be reversed, with $30 costs, and final order directed for appellants, with costs.

HOFSTADTER, CHURCH and HECHT, JJ., concur.

Final order reversed, etc.